**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LESLIE GREER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 3:09-CV-1865-M** |
| | § | |
| **EDK ALLEN II LP, EDK ALLEN II GP,** | § | |
| **LLC, EDK ALLEN III LP, EDK ALLEN** | § | |
| **III GP, LLC, and LAS PIRAMIDES INC.** | § | |
| **d/b/a MEXIGO RESTAURANT BAR** | § | |
| **AND GRILL,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS EDK ALLEN II LP, EDK ALLEN II GP, LLC,
EDK ALLEN III LP, EDK ALLEN III GP, LLC'S ANSWER**

DEFENDANTS EDK ALLEN II LP, EDK ALLEN II GP, LLC, EDK ALLEN III LP,

EDK ALLEN III GP, LLC'S answer to Plaintiff's Original Complaint as follows:

1.      The caption of Plaintiff's Original Complaint is wrong.  This case was filed in the U.S.

District Court for the Northern District, Dallas Division; not the U.S. District Court for

the Eastern District.  Defendants further note that Plaintiff resides in the Eastern District

of Texas and the property the subject of her Complaint is located in the Eastern District.

With respect to the allegations of 1-3, Defendants have no knowledge of Plaintiff and

cannot respond to her assertion that she is a proper Plaintiff.

2.      Defendants have no knowledge of Plaintiff or her qualification to bring the cause of

actions asserted in the Complaint.  Defendants agree that a qualified Plaintiff would have

the ability to invoke the court's jurisdiction as set out in Paragraph 4.

---

3.      Defendants reassert their responses from Paragraphs 1-2, *supra*, with respect to Paragraph 5 of the Complaint.

4.      With respect to the allegations of 6-9 (first), the allegations are admitted except as to EDK Allen III LP and EDK Allen III, LLC.  These entities have no ownership interest in the property in question.

5.      With respect to Paragraph 9 (second), Defendants agree with the assertions.

6.      With respect to Paragraphs 10-11, the public record speaks for itself.

7.      With respect to Paragraph 12, Defendants have no knowledge of Plaintiff and can therefore neither admit nor deny these allegations.

8.      With respect to Paragraphs 13-15, the allegations are denied.  Defendants aver that the property in question was in full compliance with all ADA requirements at the time of construction.  Since the building was constructed no one, least of all Plaintiff, has informed Defendants of any alleged defects in the building.  It is the Defendants' position that should any such ADA defects be in existence, that they would be promptly corrected.

9.      With respect to Paragraph 16, Defendants have no knowledge of these assertions and cannot admit or deny them.

10.     With respect to the allegations of Paragraphs 17-26, Defendants respond that the building in question was certified as ADA compliant at the time of construction.  Defendants have no evidence, and no information from anyone, including Plaintiff, that there are any ADA problems with the building.  With respect to the legal assertions raised in these paragraphs, Defendants say that the statutes in question speak for themselves.

11.     With respect to the allegations of Paragraphs 27-30, the factual allegations, to the extent that there are any, are denied.   With respect to the legal assertions raised in these paragraphs, Defendants say that the statutes in question speak for themselves.

12.     With respect to the allegations of Paragraphs 31-39, the factual allegations, to the extent that there are any, are denied.   With respect to the legal assertions raised in these paragraphs, Defendants say that the statutes in question speak for themselves.

13.     With respect to the allegations of Paragraphs 40-46, the factual allegations, to the extent that there are any, are denied.   With respect to the legal assertions raised in these paragraphs, Defendants say that the statutes in question speak for themselves.

14.     With respect to the allegations of Paragraphs 47-51, all relief requested by Plaintiff should be denied.  Defendants reassert their contention of Paragraph 8, *supra*, to wit: should there be any ADA compliance issues, they will be promptly corrected.

15.     With respect to Plaintiff's claim for attorneys fees in Paragraph 50 of the Complaint, this request should be denied.  Plaintiff has failed to communicate with Defendants in any fashion,  her assertions, set out in her Complaint, of ADA compliance issues.  Rather than communicate with Defendants and attempt to obtain their agreement to alleviate her concerns, she has chose to file a lawsuit.  It has come to the attention of Defendants, based on information and belief, that Plaintiff has taken this course of action many times before.  This sort of conduct is a violation of FED. R. CIV. P. 11, at the very least.  This court should not countenance this sort of conduct by granting Plaintiff any relief, much less attorneys fees.

Respectfully submitted,

**BLUME & FAULKNER, PLLC**


    s/ James D. Blume

**James D. Blume**
State Bar No. 02514600
**Shelly L. Skeen**
State Bar No. 24010511
**Tasha E. James**
State Bar No. 24055729
**R. Sean McDonald** (Of Counsel)
State Bar No. 00794268
111 W. Spring Valley Rd., Suite 250
Richardson, Texas 75081
(214) 373-7788 - Telephone
(214) 373-7783 - Fax


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of this document has been served upon all counsel of record in accordance with Rule 5 (b) of the Federal Rules of Civil Procedure on this the __5th__ day of November, 2009, as follows:


***VIA CMRRR # 7008 3230 0001 6687 5017***


Palmer Bailey, Esq.
Law Office of Palmer Bailey
16633 Dallas Parkway, Suite 600
Addison, Texas 75001


    s/ James D. Blume
    James D. Blume