IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **LESLIE GREER** § | |
| Plaintiff § | |
| § | Case No. 4:10cv1 |
| v. § | (Judge Schneider/Judge Mazzant) |
| § | Complaint for Accommodation |
| EDK Allen II LP, EDK Allen II GP, § | Discrimination Under the A.D.A. |
| LLC, EDK Allen III LP, EDK Allen § | |
| III GP, LLC, and Las Piramides Inc. § | |
| d/b/a Mexigo Restaurant Bar and § | |
| Grill § | |
| Defendants | |

*PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT AGAINST EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, <ins>EDK Allen III GP, LLC</ins>*

Leslie Greer files this motion for Partial Summary Judgment against EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, EDK Allen III GP, LLC and in support shows as follows.

## I. *Background*

Ms. Greer is a disabled individual that uses a wheelchair for mobility. She brought suit against the Defendants as the owners and or operators of a public accommodation that is in violation of Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* (the "ADA") the Texas Architectural Barrier Act TEX. GOV'T CODE Ch. 469 (previously, Texas Revised Civil Statutes, Article 9102 et seq.) (the "TABA").,[3] and the Texas Human Resources Code TEX. HUM. RES. CODE § 121.001 et seq. (the "THRC).

---

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, EDK Allen III GP, LLC (the "EDK Defendants" ) hired counsel and filed an Answer.[1] However, that counsel withdrew shortly thereafter and, despite this Court's orders for the EDK Defendants to get new counsel, they have failed to do so.[2] Plaintiff moved to strike the Answer of the EDK Defendants on the basis of repeated failure to comply with this Court's order to get new counsel because they could not represent themselves without it, and as a result, there was no way for the Plaintiff to deal with the EDK Defendants in this case since they did not have counsel and did not respond to correspondence.[3] After the Court denied the Plaintiff's motion to strike, the Plaintiff prepared a set of Requests for Admission in this case. The set was sent to each of the EDK Defendants in this case.[4] No response was ever made by any of the EDK Defendants to those requests.[5] As a result, the Plaintiff now moves for Partial Summary Judgment against all of the EDK Defendants.

EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, and EDK Allen III GP, LLC, (the "EDK Defendants") own real property in Allen Texas. The real property is described in Collin County property records as Greenway Allen Retail, Lot 1A, Greenway Allen Retail Lot 1B, Greenway Allen Retail, Lot 6 and Greenway Allen Retail, Lot 7. (referred to together herein as the "Property" or the "Center").[6] The Property has numerous different businesses on it including a Mexigo restaurant. The owner of the Mexigo Restaurant, Las Piramides Inc., is also a defendant in this action.

---

[1] See Ct Doc# 4. Defendant Las Piramedes has defaulted in this action.
[2] See Ct Doc#18, 20, 24.
[3] See Ct Doc # 27.
[4] See Plaintiff's Appendix "Plt's App" at 1, 2.
[5] See Affidavit of Palmer Bailey Plt's App 32.
[6] See Plt's Complaint Ct Doc # 1

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

Las Piramides, however, failed to answer and an entry of default has been taken against it.[7]

## II. *Undisputed Facts*

All of the facts in this case are undisputed as a result of the EDK Defendants' failure to respond to Plaintiff's requests for Admissions.

## III. *Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[8] The materiality of facts is determined by the pleadings.[9] The United States Supreme Court specifically encourages the granting of summary judgment in cases where there are no genuine issues as to any fact material to resolution of the dispute.[10] The burden of establishing that there is no genuine issue of material fact lies initially with the moving party and resolution of all doubts should be in favor of the party opposing the motion.[11]

## IV. Issues to Be Decided by This Court

The issue before this Court is whether EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, and EDK Allen III GP, LLC, (the "EDK Defendants") own or operate property in violation of the American's with Disabilities Act[12]. That issue is determined by a finding on the following elements.

1. Do the EDK Defendants own or operate a place of public accommodation;
2. Is the Plaintiff is an individual with a disability who used or attempted to use Defendants' place of public accommodation;

---

[7] See Ct Doc# 8.
[8] FED R. CIV. P. 56;  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[9] *Kaplan v. Rose,* 49 F3rd 1363, 1369 (9th Cir.)
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986), *cert, denied*, 484 U.S. 1066 (1988); *Anderson.*
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986), *cert, denied*, 484 U.S. 1066 (1988); *Anderson, supra.*
[12] 42 U.S.C. § 12101 *et seq.*

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

3. Was the EDK Defendants public accommodation designed and constructed for first occupancy after January 26, 1993;
4. Is the public accommodation readily accessible to and usable by individuals with disabilities; and
5. Was the Plaintiff was discriminated against at the public accommodation.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure Ms. Greer would respectfully show the Court that there is no genuine issue of fact and Plaintiff is entitled to summary judgment as a matter of law.

### V. *Argument and Authorities*

Section 303 of Title III requires all places of public accommodation and commercial facilities that are designed and constructed for first occupancy 30 months after the effective date of the ADA[13] be readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet these requirements.[14] Any person who owns, leases (or leases to), or operates a place of public accommodation is liable for a failure to comply with the ADAAG's new construction standards.[15] Both the landlord (here, the EDK Defendants) and the tenant (the Mexigo restaurant) are both liable for the failure to comply with the new construction standards, which is considered a form of discrimination.[16]

> Discrimination under Section 303:
>
> "(1) a failure to design and construct facilities for first occupancy later than 30 months after the date of enactment of this Act that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this title;"[17]

---

[13] January 26, 1993, hereinafter "New Construction."
[14] 42 U.S.C. 12183(a)(1), Sec. 303 "New Construction and Alterations in Public Accommodations and Commercial Facilities."
[15] 42 USC §12182(a).
[16] 28 CFR §36.201(b).
[17] 42 USC § 12183(a)(2)

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

To carry out this provision, Congress directed the Attorney General to "issue regulations ... that include standards applicable to facilities" covered by Title III.[18] Pursuant to this statutory authority, the Department of Justice issued regulations that adopted the Access Board's guidelines as its Standards for Accessible Design or the ADA Accessibility Guidelines.[19] Therefore in order to comply with 303, and thereby be "readily accessible to and usable by" the new construction must meet the ADAAG for new construction.

Thus, when a facility is new construction under the ADA, the Plaintiffs' burden of proof <u>to show discrimination</u> includes showing the existence of an architectural barrier that is prohibited by the ADAAG. In this case what it comes down to is showing that the Property discriminates against the Plaintiffs <u>because</u> there are architectural barriers at the location that violate the applicable new construction standards.

Plaintiffs will now demonstrate that all of the elements of their ADA claim are met by undisputed evidence now before this court. Much of the evidence is the result of the fact that the EDK Defendants failed to respond to Requests for Admissions sent by the Plaintiff and therefore the Requests are now deemed admitted under Fed R. Civ. Pro. 36.[20]

1. *The EDK Defendants own or operate a place of public accommodation.*

---

[18] 42 U.S.C. 12186(b).
[19] 28 C.F.R. Pt. 36, App. A. The "Standards" or the "ADAAG". The ADAAG was adopted by the Department of Justice as the Standards for Accessible Design. The terms are interchangeable.
[20] And see, *Hulsey v. Texas* 929 F.2d. 168, 171 (5th Cir. 1991)

Here are the questions asked, "Admit that you are an owner of the Center." "Admit that you are necessary party because you are the general partner of an owner of the Center." [21] No response was made to either request, therefore the EDK Defendants admit both.[22]

2. *The Plaintiff is an individual with a disability who used or attempted to use Defendants' place of public accommodation.*

Here is the question the EDK Defendants were asked, "Admit that Ms. Greer is a person with a disability under Texas Law and a disabled person under the ADA."[23] No response was made to the request, therefore the EDK Defendants admit it.[24] Ms. Greer's affidavit attached makes it clear that she has faced the barriers at the Property. See Plt's App. 31.

3. *The EDK Defendants public accommodation was designed and constructed for first occupancy after January 26, 1993;*

Here are the questions the EDK Defendants were asked, "Admit that the Center is a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181). Admit that the Center was designed and constructed after January 26, 1993."[25] No response was made to either request, therefore the EDK Defendants admit both.[26]

4. *The public accommodation is not readily accessible to and usable by individuals with disabilities*;

Here are the questions the EDK Defendants were asked, "Admit that the Center was not designed and constructed to meet the new construction guidelines of the ADAAG. Admit

---

[21] See Plt's App 6, 13, 20 and 27 Req'ts No's. 6 and 7.
[22] See Plt's App 32 Aff. of Palmer Bailey..
[23] See Plt's App 8, 15, 22, and 29 Req't No. 21. Also See Plt's App 31, Greer Affidavit.
[24] See Plt's App 32 Aff. of Palmer Bailey.
[25] See Plt's App 6, 13, 20 and 27 Req'ts No's. 3 and 4.
[26] See Plt's App 32 Aff. of Palmer Bailey.

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

that the Center must comply with the new construction guidelines under the ADAAG. Admit that the Center does not comply with the new construction guidelines under the ADAAG."[27] No response was made to any of the requests, therefore the EDK Defendants admit all three.[28]

5.  *The Plaintiff was discriminated against at the public accommodation.* Here are the questions the EDK Defendants were asked, "Admit that the Center does not comply with the new construction guidelines under the ADAAG. Admit that by owning or operating the Center that you are discriminating against disabled individuals, including Ms. Greer, under the ADA Title III."[29] No response was made to any of the requests therefore the EDK Defendants admit both.[30] Further the attached affidavit of Ms. Greer states that she encountered the barriers and was therefore discriminated against by the EDK Defendants.[31]

The above argument, undisputed facts and authorities shows beyond any doubt that Ms. Greer has met each element of her burden of proof showing discrimination under the ADA and she is entitled to judgment on that claim.

### VI. Conclusion

There are no genuine issues of material fact. EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, and EDK Allen III GP, LLC, (the "EDK Defendants") have violated the Americans with Disabilities Act, and have discriminated against Ms. Greer by owning or operating a public accommodation that was not designed and constructed in compliance with the new construction standards as required and the EDK Defendants

---

[27] See Plt's App 7,8,14,15,21,22,28 and 29 Req't No's. 11, 17 and 18.
[28] See Plt's App 32 Aff. of Palmer Bailey.
[29] See Plt's App 8,15,22 and 29 Req't No's. 18 and 19.
[30] See Plt's App 32 Aff. of Palmer Bailey.

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

thereby discriminate against Ms. Greer.  Plaintiff's Motion for Partial Summary Judgment should be in all things granted.

### VII. Prayer

WHEREFORE, Plaintiff respectfully requests that this Court Grant Plaintiff's Motion for Partial Summary Judgment and enter a finding that EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, EDK Allen III GP, LLC, (the "EDK Defendants") have violated the Americans with Disabilities Act and have discriminated against Ms. Greer.  Further, that these same parties should be ordered to modify the Property to bring it into compliance with the New Construction standards of the ADAAG.

Respectfully submitted  January 4, 2011 by,


*/s/Palmer D. Bailey*
**Mr. Palmer D. Bailey**
**Attorney-in-charge**
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
Inlight226@aol.com

**Attorney for Plaintiff**


### Certificate of Conference

None of the Defendants in this case are represented by counsel.  One has already been defaulted for failure to appear or respond, and the remaining defendants have failed to respond to the order of this Court to get counsel and do not respond to attempts to contact them, hence this motion's filing.  Therefore no other party could be contacted to determine whether they oppose this motion, but the Plaintiff assumes that they do.

---

[31] See Plt's App 31 Aff. of Leslie Greer.

*Plaintiff's Motion and Brief in Support of Partial Summary Judgment*

*/s/Palmer D. Bailey*
**Palmer D. Bailey**

### Certificate of Service

I hereby certify that a copy of this document was placed in the mail on January, 4, 2011, for overnight delivery properly addressed to the last known address of the "EDK Defendants" through

Ed Koshnoudi, President
EDK Investments GP
1713 Cottonwood Valley Circle S.
Irving, Texas 75038

And to Las Priamides, Inc. d/b/a Mexigo Restaurant Bar and Grill by mailing to
Jose Jaimes
533 W. McDermott Drive
Allen, TX 75002

*/s/Palmer D. Bailey*
**Palmer D. Bailey**