**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **LESLIE GREEN** § <br> **Plaintiff** § <br> § <br> v. § <br> § <br> **EDK Allen II LP, EDK Allen II GP,** § <br> **LLC, EDK Allen III LP, EDK Allen** § <br> **III GP, LLC, and Las Piramides Inc.** § <br> **d/b/a Mexigo Restaurant Bar and** § <br> **Grill** § <br> **Defendants** | Case No. 4:10cv1 <br> (Judge Schneider/Judge Mazzant) <br> Complaint for Accommodation <br> Discrimination Under the A.D.A. |

*PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES
AGAINST DEFENDANTS AND BRIEF IN SUPPORT*

### I. Background

Plaintiff, Leslie Greer filed suit alleging violation of Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* (the "ADA") the Texas Architectural Barrier Act TEX. GOV'T CODE Ch. 469 (previously, Texas Revised Civil Statutes, Article 9102 et seq.) (the "TABA"), and the Texas Human Resources Code TEX. HUM. RES. CODE § 121.001 et seq. (the "THRC). She claimed that the Defendants own and or operate public accommodations that are not accessible to her as a disabled individual. A final judgment has now been entered against all Defendants in this matter.

### II. Legal Basis to Seek Fee

The Plaintiff now moves for her fees under rule 54(d)(2). Prevailing plaintiffs are entitled to reasonable attorneys' fees and costs under the ADA if they succeed in "materially altering the legal relationship between the parties."[1] A prevailing plaintiff in a civil rights case is ordinarily to be awarded attorney's fees in all but special circumstances.[2] Ms. Greer is just such a plaintiff and is therefore entitled to recover her reasonable and necessary fees, costs and expenses.

### III. *Standard To Be Used*

In determining the appropriate fee in this Circuit, a Court is guided by the "lodestar" method. As this Court is well aware, that method requires that this Court create a baseline consisting of the number of hours the lawyer reasonably spent multiplied times a reasonable hourly rate. The claimant has the burden of substantiating the hours and the rate. Once this is established this number <u>is presumed to be a reasonable fee</u> to which the party is entitled. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U. S. 546(1986), *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

***Reasonable Hourly Rate Calculation***

The Court normally uses evidence in the form of an affidavit from a practicing attorney to determine a reasonable rate. *Blum v. Stenson*, 465 U.S. 886 104 S.Ct. 1541

---

[1] A plaintiff is a "prevailing party" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Texas Teachers Assn. v. Garland School Dist.,* 489 U.S. 782, 792 (1989); *Farrar V. Hobby*, 506 U.S. 103, 111-112 (1992). The Court has ordered that the Property be brought into full compliance with the ADAAG. Ct. Doc# 33.

(1984)[3]. Mr. Bailey's affidavit is attached to this brief. Further, this Court can take judicial notice that a rate only $25.00 an hour less than the rate sought in this case by Mr. Bailey was been found to be a reasonable rate and has been awarded to Mr. Bailey several times for work done more than 3 to 5 years ago. See, e.g. *Floyd Guy Davis, et. al v. Grand Prairie Sports Facilities, et al* 3-06-cv-0744-N.

*Reasonable Time Spent*

Contemporaneous time records of the hours worked are the preferred method for proving up the attorney's time. *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). The Plaintiff has attached just such records in the form of the Timeslips records detailing the time spent on this case.[4]

*Result of case*

In this case the outcome is as good as it can be. This Court has ordered that the Property be brought into compliance with the ADAAG for new construction, which is all the law can require. Ct. Doc. #33. Ms. Greer has prevailed entirely.

### IV. Argument and Authorities

*Litigating ADA cases*

The sad fact is that despite having been passed almost 20 years ago, the ADA is still widely ignored and/or misunderstood. The purpose of the act is to provide basic

---

[2] The intent of Congress was to cast a Civil Rights plaintiff in the role of "a private attorney general," vindicating a policy that Congress considered of the highest priority *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416 (1978)

[3] In determining the reasonable hourly rate some courts have held that the court may rely on its own knowledge of the market rate for lawyers in the community *Norman v. Housing Authority,* 836 F.2d 1292 (11th Cir. 1988).

[4] Plaintiff's Appendix at pgs. 1-2, the affidavit of Mr. Bailey, and see the TimeSlips.

access to public accommodations for disabled individuals.  The law provides that individual citizens become in effect "attorney generals" to enforce the law.[5]  The only way the disabled can get the access that the law says they are entitled to, however, is if the disabled can get quality legal counsel to enforce it.  And the only way they can get quality legal counsel is for that counsel to get paid if they are successful.

    Remember, the Plaintiff has no control whatsoever over the condition of a public accommodation such as the shopping center and restaurant in this case -- she just wants to be able to use it like any able bodied individual.  It is also important to keep in mind that if the business is in compliance with the law, <u>then there is no basis for a successful lawsuit such as this</u>.  The owners have only themselves to blame for the non-compliant conditions, because they are free to come into compliance at any time before they get caught discriminating.  <u>But on the other hand, if the owners disregard the law then the Plaintiff must have the ability to require compliance through the law.</u>   Payment of the Plaintiff's fees is essential to this process.  Without it there is no enforcement available for the disabled and the right to the access that the law promises becomes meaningless.  In this case, not only did the Defendants own and operate a brand new facility that is out of compliance with the law, they then proceeded to ignore the lawsuit.  One defaulted, and the other simply abandoned the litigation.

---

[5] 42 U.S.C. § 12101 *et seq*.   And see,  *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416 (1978) The intent of Congress was to cast a Civil Rights plaintiff in the role of "a private attorney general," vindicating a policy that Congress considered of the highest priority.

***PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES AGAINST THE DEFENDANTS***

**Page 4 of 8**

*Joint Liability*

In an ADA case the Landlord and the Tenant are jointly and severally liable for any discrimination.[6] From the beginning, Ms. Greer's counsel made every attempt to try and resolve this case through settlement. But once the landlord walked away from this case, she had no choice but to move for summary judgment and a default judgment.

*Fees Incurred*

This case has been active since the fall of 2009, almost two full years. The attorney time in this case was expended initially to investigate the claim. After that, the complaint was prepared and suit was filed. Then, negotiations were undertaken with counsel for the landlord. Then the landlord dismissed his counsel and refused to get new counsel. Then Ms. Greer attempted to avoid the cost of discovery with a defendant that refused to get counsel but could not represent itself by trying to get the Answer stricken. Ms. Greer's counsel got calls from a lawyer that was considering taking up the representation -- but that lawyer was never hired.[7] Ms. Greer was then forced to send discovery in this case, to which the landlord did not respond. After that she had to file a motion for summary judgment based on the failure to respond to requests for admission. Ct. Doc.# 30. And it was only after the Magistrate made Recommendations and a Report to grant that motion against the landlord, Ct. Doc. # 31 that Ms. Greer then moved for a default judgment against the tenant as well. Ct. Doc. # 32. Ms. Greer waited each time

---

[6] 42 U.S.C. § 12101 *et seq.*, 36 C.F.R. 201 (b).

[7] See e.g. phone call on 10/13/2010 Plaintiff's App. Pg. 17.

she could in the hopes that some, one, or all of the Defendants would appear, and either defend or amicably reach a settlement. The Defendants never did.

This Court has now ordered that the Property be brought into full compliance with the ADAAG for new construction. Ct. Doc. # 33. In light of the complete and utter disregard of this Court's authority Ms. Greer's counsel fully expects to have to continue to spend reasonable and necessary time in this case enforcing this Court's order.

Disabled people cannot find counsel if a separate set of rules applies to the defendants that litigate against ADA Plaintiffs. The Defendants' conduct is without excuse. The Defendants' conduct is the sole cause of both the necessity for this suit and all of the time being spent pursuing them. The Defendants have chosen to ignore this Court's authority. The Defendants are now liable for all the fees, expenses and costs in this case.

## VI. PRAYER

*Wherefore, Plaintiff respectfully requests* that this court jointly and severally award Plaintiff the reasonable and necessary fees, costs and expenses of $31,082.50 in this matter against EDK Allen II LP, EDK Allen II GP, LLC, EDK Allen III LP, EDK Allen III GP, LLC, and Las Piramides Inc. d/b/a Mexigo Restaurant Bar and Grill, and for all other relief at law and in equity to which she is entitled.

Respectfully submitted June 16, 2011 by,

*/s/ Palmer D. Bailey*

**Mr. Palmer D. Bailey**
**Attorney-in-charge**
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
Inlight226@aol.com

**Attorney for Plaintiff**

*Certification of Accuracy*

I hereby affirm that the statements in this motion are true and correct to the best of my knowledge.

**/s/Palmer D. Bailey**
**Palmer D. Bailey**

*Certificate of Conference*

None of the Defendants in this case are represented by counsel.  One has already been defaulted for failure to appear or respond, and the remaining defendants have failed to respond to the orders of this Court to get counsel.  Therefore no party could be contacted to determine whether they oppose this motion, but the Plaintiff assumes that they do.

**/s/Palmer D. Bailey**
**Palmer D. Bailey**

*Certificate of Service*

I hereby certify that a copy of this document was placed in the mail on June 16, 2011 properly addressed to the last known address of the EDK Defendants through

Ed Koshnoudi, President
EDK Investments GP
1713 Cottonwood Valley Circle S.
Irving, Texas 75038

And to Las Priamides, Inc. d/b/a Mexigo Restaurant Bar and Grill by mailing to
Jose Jaimes
533 W. McDermott Drive
Allen, TX 75002

/s/ Palmer D. Bailey
**Palmer D. Bailey**